UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CRIMINAL ACTION NO. 3:15-CR-00010-GNS

UNITED STATES OF AMERICA                                    PLAINTIFF

v.

MARC THOMPSON                                              DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Objections to the Magistrate Judge's Findings, Conclusions of Law, and Recommendations Regarding the Motion to Suppress (DN 38) filed by Defendant Marc Thompson ("Thompson"). For the following reasons, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **OVERRULES** Defendant's Objections.

### I.        SUMMARY OF FACTS AND CLAIMS

On September 11, 2014, Thompson was stopped for erratic driving while cutting through traffic in his Dodge Charger. (Findings of Fact, Conclusion of Law and Recommendation 2, DN 38 [hereinafter R&R]). As officers approached his vehicle, Thompson was seen stuffing something under the passenger seat which placed the officers on "alert." (R. & R. 3). An officer asked Defendant to step out of the vehicle and then asked for consent to search it. (R. & R. 3). Defendant objects to the Magistrate Judge's factual finding that consent was given. (Def.'s Objs. 2).

Following Defendant's reported consent, the vehicle was searched and a .357 magnum revolver was discovered inside. (R. & R. 3). The traffic stop lasted less than 40 minutes. (Hr'g

Tr. 25). It was later discovered Defendant is a convicted felon, and, therefore, his possession of a firearm located inside his vehicle would constitute a violation of 18 U.S.C. § 922(g)(1) and 18 U.S.C. § 924(a)(2). (Def.'s Objs. 4). Defendant has moved to suppress the firearm, arguing the officer's search of his vehicle constituted an unreasonable search and seizure. (Def.'s Objs. 3).

## II.      STANDARD OF REVIEW

In *United States v. Curtis*, 237 F.3d 598 (6th Cir. 2001), the Sixth Circuit articulated the proper standard of review for objections to a ruling or recommendation by a magistrate judge as follows:

> [Section] 636(b) creates two different standards of review for district courts when a magistrate [judge]'s finding is challenged in district court. A district court shall apply a "clearly erroneous or contrary to law" standard of review for the "nondispositive" preliminary measures of § 636(b)(1)(A). Conversely, "dispositive motions" excepted from § 636(b)(1)(A), such as motions for summary judgment or *for the suppression of evidence*, are governed by the *de novo* standard.

*Id.* at 603 (emphasis added) (internal citation omitted) (citation omitted).

## III.      DISCUSSION

Thompson objects to the Magistrate Judge's findings arguing the Magistrate Judge incorrectly ruled that consent was given to search Thompson's vehicle, the stop of his vehicle and subsequent search were improper, and the duration of the traffic stop was unreasonable. (Def.'s Objs. 1-7). Based on the following, the Court overrules these objections and adopts the recommendation of the Magistrate Judge.

The Fourth Amendment to the United States Constitution assures "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the

persons or things to be seized." U.S. Const. amend. IV. "[W]arrantless searches and seizures are per se unreasonable under the Fourth Amendment." *United States v. Blue Diamond Coal Co.*, 667 F.2d 510, 518 (6th Cir. 1981) (citations omitted). A movant on a motion to suppress on the basis of a Fourth Amendment violation bears the burden of production and persuasion. *United States v. Giacolone*, 853 F.2d 470, 482 (6th Cir. 1988) (citation omitted).

The Court must engage in a two-step analysis to determine if the search of Thompson's car was constitutional. First, the Court must determine that the traffic stop was supported by a reasonable suspicion. *United States v. Foster*, 376 F.3d 577, 584-85 (6th Cir. 2004); *United States v. Garza*, 10 F.3d 1241, 1245 (6th Cir. 1993). Second, the Court must determine if the search of Thompson's car was conducted with his consent or was supported by probable cause. *Foster*, 376 F.3d at 584-85; *Garza*, 10 F.3d at 1245.

There is no dispute the officer had a reasonable suspicion to stop Thompson's vehicle and Thompson makes few arguments in opposition. The record is clear that Defendant was changing lanes without signaling and cutting off other cars on the road, which are violations of KRS 189.290. (Hr'g Tr. 7). Thompson does not dispute these events occurred and therefore the stop of his vehicle was supported by a reasonable suspicion.

The Court finds from the evidence that Thompson gave consent to search his vehicle. One of the arresting officers, Officer DeWitt, testified that Thompson consented to a search of his vehicle. (Hr'g Tr. 58, Nov. 2, 2015, DN 29). Thompson points to the fact that other officers could neither confirm nor deny Thompson gave consent. (Def.'s Objs. 2). Thompson, however, did not testify that he refused the officer's search, and there is no evidence that Thompson did, in fact, refuse the officer's search. Additionally, although other officers did not hear Thompson give consent to the search, the record reflects they were not in close proximity, so that their

3

testimony is neutral on the issue of consent. (Hr'g Tr. 75). A credible witness, Officer DeWitt, indicates Thompson consented to the search, and there is no testimony contradicting Officer DeWitt. Thus, the Court agrees with the Magistrate Judge's factual finding on the issue of consent.

On similar grounds, the Court also agrees with the Magistrate Judge's conclusion that Thompson was arrested only *after* officers conducted a protective sweep of the car. (R. & R. 3). Defendant appears to contend he was in handcuffs and placed in the squad car *before* the sweep was conducted. (Def.'s Objs. 4). The record is devoid of any evidence which would support this contention.

When a driver gives officers voluntary consent to search his vehicle, the Court need not consider whether the search was conducted pursuant to probable cause. *United States v. Erwin*, 155 F.3d 818, 822-23 (6th Cir. 1998). Regardless, the officers' conduct in this case was proper. First, the Court notes the police did not conduct a traditional investigatory search, but essentially a protective sweep of Defendant's vehicle. As the Supreme Court has noted, "protection of police and others can justify protective searches when police have a reasonable belief that the suspect poses a danger, [and] that roadside encounters between police and suspects are especially hazardous . . . ." *Michigan v. Long*, 463 U.S. 1032, 1049 (1983). In such cases, the searching officer's actions are not investigatory in nature, but are taken for the safety and well-being of the officer. *Id*. (finding that such protective searches are "limited to those areas in which a weapon may be placed or hidden . . . ."). Such protective actions do not require probable cause and instead require "specific and articulable facts which, taken together with the rational inferences from those facts, reasonably warrant the officers in believing that the suspect is dangerous and the suspect may gain immediate control of weapons." *Id*. (internal quotation marks omitted)

4

(citing *Terry v. Ohio*, 392 U.S. 1, 21 (1968)). Specifically, searching under the seats of a vehicle and in the vehicle compartments constitutes a protective sweep when the officer has reasonable suspicion a weapon is present inside the vehicle. *Id.* at 1050.

Furtive actions by drivers and passengers in a vehicle may constitute reasonable suspicion for the purposes of a protective search. *United States v. Morgan*, 729 F.3d 1086, 1090 (8th Cir. 2013) ("furtive gestures under his seat as the officers approached the vehicle gave them reason to believe that there was a weapon in the vehicle . . . ."). Actions which indicate a driver or passenger may be hiding a weapon in the vehicle are sufficient to justify a limited protective search to ensure the officer's safety. *See id.* Such is the case in this action.

As officers approached Defendant's vehicle, he was seen apparently trying to hide something under the seat of the car. (Hr'g Tr. 61). While these furtive gestures may not have supported a full investigative search of Defendant's car, they were sufficient to allow officers to ensure for their own protection that a weapon was not present in the car. *Long*, 463 U.S. at 1035-37. Therefore, even if Defendant did not grant officers consent to search his vehicle, the officers' actions were proper with respect to the protective sweep of the car.

Finally, the Court also finds that the duration of Defendant's detention was not unreasonable. The traffic stop is reasonable to the extent the purpose of the traffic stop is ongoing, and the traffic stop in this case lasted less than 40 minutes. (Hr'g Tr. 25). As the Sixth Circuit has stated, "[o]nce the purposes of the initial traffic stop were completed, there is no doubt that the officer could not further detain the vehicle or its occupants unless something that occurred during the traffic stop generated the necessary reasonable suspicion to justify a further detention." *United States v. Mesa*, 62 F.3d 159, 162 (6th Cir. 1995). In this case, the "something that occurred" was that Defendant was seen stuffing something under the seat and the discovery

of the loaded handgun. (Hr'g Tr. 58-61). What started as a routine traffic stop became a protective search and ultimately, an arrest. Under these circumstances, a forty-minute detainment was reasonable. Therefore, the Court again agrees with the Magistrate Judge's determination that the stop did not continue for an unreasonable duration.

## IV.   CONCLUSION

For the foregoing reasons, **IT IS HEREBY ORDERED AND ADJUDICATED** that the Findings of Fact, Conclusions of Law and Recommendation of the United States Magistrate Judge (DN 38) are **ACCEPTED AND ADOPTED IN ITS ENTIRETY**, and Defendant's Objections (DN 39) are **OVERRULED**.

**Greg N. Stivers, Judge**
**United States District Court**

March 1, 2016

cc:      counsel of record

6